UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBORAH K. JOHNSON,

       Plaintiff,

v.

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

Case No. 1:12-cv-401

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Deborah K. Johnson seeks judicial review of the final decision of the Social Security Administration ("SSA"), denying her application for Disabled Widow's Benefits under Title II of the Social Security Act (the "Act"). 42 U.S.C. § 402(e).[1] Proceeding through counsel, Plaintiff presents a single claim of error for this Court's review. For the reasons explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

### I. Summary of Administrative Record

In January 2008, Plaintiff filed an application for Disabled Widow's Benefits alleging a disability onset date of November 7, 2007 due to physical and mental impairments. After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). On

---

[1] Plaintiff's prescribed period for widow's benefits began on December 24, 2005, and ended on December 31, 2012 (Tr. 8). See 20 C.F.R. § 404.336(c). Thus, Plaintiff needed to establish disability before December 31, 2012 - seven years after her husband's death (Tr. 9). See 20 C.F.R. § 404.336(c) (a widow who has not remarried is entitled to benefits provided she meets the age requirements and became disabled within seven years of her spouse's death).

1

September 12, 2010, an evidentiary hearing was held, at which Plaintiff appeared and was represented by counsel. (Tr. 39-63). At the hearing, the ALJ heard testimony from Plaintiff and Eric Pruitt, an impartial vocational expert. On October 28, 2012, ALJ Carol Bowen denied Plaintiff application in a written decision. (Tr. 9-26).

The record on which the ALJ's decision was based reflects that Plaintiff was 54 years old at the time of the ALJ's decision, has a high school equivalent education and past relevant work as a bus driver and bus driver instructor. (Tr. 11).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "degenerative joint disease of the left knee with residual of joint-replacement surgery, obesity with residuals of gastric bypass surgery, fibromyalgia, coronary artery disease, asthmatic bronchitis, affective (depressive) disorder." (Tr. 12). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work, subject to the following additional limitations:

> She must have the opportunity to alternate between sitting and standing as needed; no more than occasional operation of foot controls with the left lower extremity; no more than occasional climbing ramps or stairs' no climbing ladders, ropes, or scaffolding; no more than occasional kneeling, crouching, or crawling; frequent handling, feeling, fingering; no exposure to environmental pollutants or temperature extremes (i.e., limited to working in a clean-air, temperature-controlled environment); no exposure to hazardous machinery or unprotected heights; no work requiring production-rate pace demands; only simple tasks.

2

(Tr. 20). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, limited education and work experience, and the RFC, the ALJ concluded that Plaintiff could not perform any past relevant work; however, Plaintiff could perform other jobs that exist in significant numbers in the national economy. (Tr. 25). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DWB. (Tr. 26).

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff maintains that the ALJ erred by failing to give controlling weight to the opinion of her treating physician. Upon careful review and for the reasons that follow, the undersigned finds Plaintiff's assignment of error is not well-taken.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by

substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. . ... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that

4

claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

### B. The ALJ Properly Weighed the Evidence of Record

Plaintiff's sole assignment of error asserts that the ALJ erred by failing to give controlling weight to the disabling RFC assessment completed by Dr. Burghard, Plaintiff's treating physician. Plaintiff's assertion is not well-taken.

As noted above, at step-two of the sequential evaluation the ALJ found Plaintiff's degenerative joint disease of the left knee with residual of joint-replacement surgery, obesity with residuals of gastric bypass surgery, fibromyalgia, coronary artery disease, asthmatic bronchitis, affective (depressive) disorder to be severe impairments. (Tr. 12). At step-three, the ALJ found that Plaintiff's impairments did not meet or equal any of the Listings for mental disorders. In light of the foregoing and as detailed above, the ALJ determined that Plaintiff was capable of light work with certain extertional and nonextertional limitations in order to accommodate Plaintiff's impairments. (Tr. 20). With respect to the opinion evidence, the ALJ rejected Dr. Burghard's opinion that Plaintiffs impairments prevent her from performing even sedentary work. (Tr. 16). Instead, in formulating Plaintiff's RFC, the ALJ gave great weight to the findings of Dr. Swedburg, a state agency physician that examined Plaintiff in June 2008 and Dr. Hall, a state agency physician who reviewed Plaintiff's medical file in June 2008.

In evaluating the opinion evidence, "[t]he ALJ 'must' give a treating source opinion controlling weight if the treating source opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in [the] case record.'" *Blakley v. Commissioner Of Social Sec.,* 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Wilson* v. *Commissioner,* 378 F.3d 541, 544 (6th Cir. 2004). If the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician. *Wilson*, 378 F.3d at 544; *see also* 20 C.F.R. § 404.1527(d)(2).

Furthermore, an ALJ must "always give good reasons in [the ALJ's] notice of determination or decision for the weight [the ALJ] give[s] [the claimant's] treating source's opinion." 20 C.F.R. § 404.1527(d)(2); *but see Tilley v. Comm'r of Soc. Sec.*, No. 09–6081, 2010 WL 3521928, at *6 (6th Cir. Aug.31, 2010) (indicating that, under *Blakely* and the good reason rule, an ALJ is not required to explicitly address all of the six factors within 20 C.F.R. § 404.1527(d)(2) for weighing medical opinion evidence within the written decision).

As such, the opinions of treating and examining sources are generally entitled to more weight than opinions of consulting and non-examining sources. 20 C.F.R. § 404.1527(d); see *also West v. Comm'r Soc. Sec. Admin.*, 240 Fed. Appx. 692, 696 (6th

6

Cir. 2007) (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981)) ("[R]eports from treating physicians generally are given more weight than reports from consulting physicians ...."). However, an ALJ need not credit a treating physician opinion that is conclusory and unsupported. *See Anderson v. Comm'r Soc. Sec.*, 195 Fed. Appx. 366, 370 (6th Cir. 2006) ("The ALJ concluded, properly in our view, that the [treating physician's] treatment notes did not support and were inconsistent with his conclusory assertion that appellant was disabled."); *see also Kidd v. Comm'r of Soc. Sec.*, 283 Fed. Appx. 336, 340 (6th Cir. 2008) (citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994)) (holding that an ALJ need not credit a treating physician's conclusory opinions that are inconsistent with other evidence).

Upon careful review, the undersigned finds that the ALJ properly weighed the opinion evidence. With respect to Dr. Burghard, the record indicates that in March 2010 Dr. Burghard completed a physical RFC Questionnaire, at the request of Plaintiff's counsel. (Tr. 800-803). Dr. Burghard listed diagnoses of abdominal pain, fibromyalgia, rheumatoid arthritis and depression. (Tr. 800). He opined that Plaintiff is "[i]ncapable of even 'low stress' jobs" and that any stress increases her depression. (Tr. 801). He further opines that Plaintiff can sit for 10 minutes at a time and stand for 10 minutes at a time, and that she can sit and stand or walk for less than 2 hours each out of an 8-hour work day. (Tr. 801-02). He determined that she must be able to walk around every 10 minutes for 10 minutes at a time and be able to take unscheduled breaks to rest for 15-20 minutes at a time. (Tr. 802). Dr. Burghard further notes that Plaintiff can occasionally lift less than 10 pounds, look down, turn her head right or left, look up, hold her head in a

7

static position, twist, and climb stairs; rarely lift 10 pounds, and stoop or bend; and never lift 20 pounds or more, crouch or squat and climb ladders.   (Tr. 802).

The ALJ declined to give it controlling, or even deferential weight, stating that the conclusion is "neither well supported by medically acceptable clinical and laboratory diagnostic techniques nor consistent with other substantial evidence in the case record" (Tr. 17).  In so concluding, the ALJ found that Dr. Burghard's opinion contradicts the findings of examining physician Dr. Swedberg, and reviewing physician Dr. Hall.  The ALJ further noted that Dr. Burghard stresses the effects of depression on Plaintiff's physical limitations, which is contradicted by reports of psychologists Drs. Nancy Schmidtgoessling, Ph.D., and Adrienne Swift, Ph.D., and psychiatrist Dr. David Demuth, M.D.  The ALJ also noted Dr. Burghard attributed Plaintiff's disabling condition, in part, to rheumatoid arthritis, yet reports supplied by Dr. Ware appear to question the presence of such diagnosis.  The ALJ also found that Dr. Burghard's assessment appears to be based on the uncritical acceptance of Plaintiff's subjective complaints and allegations, and not established by medical evidence consisting of signs, symptoms, and laboratory findings. (Tr. 16-18).

Plaintiff argues, however, that in weighing Dr. Burghard's opinion, the ALJ failed to consider the relevant treatment notes from Dr. Ware that support Dr. Burghard's disabling findings.   Plaintiff further asserts that the ALJ incorrectly determined that Dr. Ware found that Plaintiff did not suffer from rheumatoid arthritis.   Plaintiff also appears to assert that

8

in evaluating Dr. Burghard's opinion, ALJ failed to consider the evidence of record relating to Plaintiff's fibromyalgia diagnosis. Plaintiff's assertions are unavailing.

First, the ALJ's decision indicates that he properly considered Dr. Ware's treatment notes in his evaluation of Dr. Burghard's RFC assessment. As detailed above, the ALJ stated that "[r]eports supplied by treating physician Avis Ware specifically state that the claimant does not have rheumatoid arthritis." (Tr. 17). Plaintiff asserts, however, that Dr. Ware "never states that [Plaintiff] does not suffer from rheumatoid arthritis, but rather, through most of the relevant period, states that fibromyalgia seemed to be the culprit for most of [Plaintiff's] symptoms. (Doc. 5 at 3). Plaintiff further notes that Dr. Burghard also listed fibromyalgia as a condition upon which he formed his opinion. In response to this assertion, the Commissioner notes that Dr. Ware did, in fact, indicate that he did not find active rheumatoid arthritis or "active synovitis" upon examination as early as April 2006. (Tr. 285-87, 289, 291, 329, 331). In any event, consistent with Plaintiff's contention, the ALJ further noted that Dr. Ware "expressed the opinion that the claimant's reported symptoms were more likely attributable to fibromyalgia and less likely due to rheumatoid arthritis," concluding that "[t]he weight of the evidence of record does not establish a medically determinable impairment of rheumatoid arthritis." (Tr. 14).

More importantly, whether or not Plaintiff was diagnosed with rheumatoid arthritis and/or fibromyalgia, standing alone, is not dispositive of disability. The Sixth Circuit has repeatedly made clear that a mere diagnosis or catalogue of symptoms does not indicate functional limitations caused by the impairment. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146,151 (6th Cir. 1990) (diagnosis of impairment does not indicate

9

severity of impairment). Here, as noted by the Commissioner and consistent with agency regulations, the ALJ accepted the symptoms attributable to rheumatoid arthritis and/or fibromyalgia that had been reported and treated by Dr. Ware since 2006 and properly incorporated those credible limitations into her RFC assessment. (Tr. 14-15).

Additionally, the ALJ properly discredited Dr. Burghard's RFC assessment because he relied heavily on the alleged severity of Plaintiff's depression in finding that she is incapable of doing even sedentary work on a regular and consistent basis. (Tr. 800-03). Notably, Dr. Burghard is a family doctor, not a mental health expert. While Dr. Burghard opines that Plaintiff is incapable of performing "even 'low stress' jobs" because of her depression, his findings regarding the severity of Plaintiff's mental limitations are contradicted by the opinions of three mental health specialists. (Tr. 801). As found by the ALJ, examining psychologists Drs. Schmidtgoessling and Swift and reviewing psychiatrist Dr. Demuth described essentially consistent findings regarding Plaintiff's functional limitations related to her mental health. (Tr. 17-18).[2] Namely, they all found that Plaintiff suffered from mild to moderate depression which resulted in mild restrictions on her activities of daily living, mild difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence or pace. Based on those findings and "the weight of the evidence," the ALJ concluded that Plaintiff experiences "moderate" limitation in her ability to maintain concentration, persistence, or pace, but

---

[2] Plaintiff does not challenge the ALJ evaluation of her mental impairments and/or mental RFC assessment.

only "mild" limitation in her ability to do activities of daily living and maintain social functioning. (Tr. 22).

In this case, Plaintiff's argues generally that as her long-time treating physician, Dr. Burghard's findings should be afforded deference. However, a treating source opinion is entitled to controlling weight only if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in [the] case record.'" *Blakley,* 581 F.3d at 406. Notably, Plaintiff fails to cite to any objective evidence or clinical findings in the record supporting Dr. Burghard's disabling RFC assessment. As such, the undersigned finds that the ALJ properly analyzed Dr. Burghard's disabling RFC assessment and reasonably determined that his opinion was not well supported and inconsistent with other record evidence. *See Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 175-76 (6th Cir. 2009) (Where the opinion of a treating physician is not supported by objective evidence or is inconsistent with the other medical evidence in the record, this Court generally will uphold an ALJ's decision to discount that opinion).

Next, Plaintiff asserts that the ALJ erred in affording significant weight to the findings of Drs. Swedburg and Hall. Notably, Plaintiff was examined by Dr. Phillip Swedberg, M.D. at the request of the state agency on June 4, 2008. (Tr. 551-54). Upon examination, Dr. Swedberg opined that Plaintiff suffered from morbid obesity and osteoarthritis, and reported her history of bleeding peptic ulcers, fibromyalgia, and irritable bowel syndrome. (Tr. 553). He found that Plaintiff's grasp strength and manipulative ability were "well-preserved bilaterally" and found "no evidence of rheumatoid nodules." (Tr. 553). Dr. Swedberg found that Plaintiff could walk normally

11

without an aid, forward bend without difficulty, move both knees with full range of motion, and had no evidence of ligamentous laxity. (Tr. 553). Plaintiff's heart rate was regular, and muscle strength and grip strength were both normal. (Tr. 553). Based on his observations, Dr. Swedberg opined that Plaintiff could perform a mild to moderate amount of sitting, ambulating, standing, bending, kneeling, pushing, pulling, lifting and carrying heavy objections, reaching, grasping, and handling objects. (Tr. 553-54). Thereafter, in June 20, 2008, state agency reviewing physician, Dr. Linda Hall, M.D., reviewed the record and opined that Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, stand and/or walk a total of 6 out of 8 hours, sit for a total of 6 out of 8 hours, push and/or pull without limitation, occasionally climb ramps or stairs, kneel and crawl, but never climb ladders, ropes and scaffolds. (Tr. 561-62).

Upon evaluation of the opinion evidence, Plaintiff's treatment history and testimony at the administrative hearing, the ALJ determined that the opinions of Drs. Hall and Swedberg were "essentially consistent" with each other and with the "overall evidence of record." (Tr. 16). Thus, based on the findings of Drs. Hall and Swedburg, the opinion evidence relating to mental impairments, and Plaintiff's reported daily activies the ALJ determined that Plaintiff was capable of performing a range of light work.

Plaintiff, however, asserts that the ALJ erred in giving deference to the opinions of Dr. Swedburg and Dr. Hall. Specifically, Plaintiff asserts that the report from Dr. Swedberg is very vague in terms of what the claimant's actual physical limitations would be. Dr. Swedberg simply states that the claimant should be capable of "a mild to

12

moderate amount of sitting, ambulating, standing, bending, kneeling, pushing, pulling, lifting and carrying heavy objects." (Tr. 551-559). Plaintiff further asserts that after reviewing Dr. Swedburg's report, Dr. Hall simply concluded that that the Plaintiff would be capable of, essentially, light work, which ALJ Bowen found was consistent with Dr. Swedberg's conclusions. Plaintiff notes that Dr. Hall did not outline any specific limitations. Additionally, *citing Blakely v. Commissioner*, 581 F.3d 399 (6th Cir. 2009), Plaintiff argues the ALJ improperly credited the finding of Drs. Swedberg and Hall because their opinion were not based on a complete case record.

Contrary to Plaintiff's assertions, the undersigned finds that the ALJ properly credited Dr. Swedburg's and Dr. Hall's opinions. As detailed above, Dr. Swedburg's report clearly sets forth his examination findings and his evaluation of Plaintiff's functional limitations. (Tr. 553-62). Thus, to the extent that Plaintiff asserts that Dr. Swedburg's opinion should not have been credited because it was vague, such assertion is overruled. Furthermore, Plaintiff's purported contention that Dr. Hall's assessment should not have been credited because he did not provide specific functional limitations and simply affirmed Dr. Swedburg's assessment also lacks merit. As a reviewing physician, Dr. Hall was asked to review the medical evidence and provide an assessment of Plaintiff's functional limitations. He did so. Specifically, upon review of Plaintiff's medical file, he completed a physical RFC assessment wherein he determined that Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, stand and/or walk a total of 6 out of 8 hours, sit for a total of 6 out of 8 hours, push and/or pull without limitation, occasionally climb ramps or stairs, kneel and crawl, but never climb ladders, ropes and scaffolds. (Tr. 561-62).

Finally, Plaintiff's reliance on *Blakely* is misplaced. In *Blakely*, the ALJ credited the opinions of consulting physicians over the opinion of the plaintiff's treating physician. The Sixth Circuit held that "[i]n appropriate circumstances, opinions from State agency medical ... consultants ... may be entitled to greater weight than the opinions of treating or examining sources." (*Id.*, at 409, quoting Soc. Sec. Rul. 96–6p, 1996 WL 374180, at *3 (July 2, 1996)). However, in *Blakely* the court reversed on grounds that the state non-examining sources did not have the opportunity to review "much of the over 300 pages of medical treatment ... by *Blakely's* treating sources," and that the ALJ failed to indicate that he had "at least considered [that] fact before giving greater weight" to the consulting physician's opinions*.* *Blakely*, 581 F.3d at 409 (quoting *Fisk v. Astrue*, 253 Fed.Appx. 580, 585 (6th Cir. 2007)). Nevertheless, the Sixth Circuit reiterated the general principle that an ALJ's failure to provide adequate explanation for according less than controlling weight to a treating source may be excused if the error is harmless or *de minimis*, such as where "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it." *Id.* at 409 (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 547 (6th Cir.2004)). Under *Blakely*, then, an ALJ may choose to credit the opinion of a consultant who has failed to review a complete record, but he should articulate his reasons for doing so. If he fails to provide sufficient reasons, his opinion still may be affirmed if substantial evidence supports the opinion and any error is deemed to be harmless or *de minimis*. *Swartz v. Astrue*, No. 10-605, 2011 WL 4571877, at *8 (S.D. Ohio Aug. 18, 2011) (Bowman, MJ) ("an ALJ may choose to credit

the opinion of a consultant who has failed to review a complete record, but he should articulate his reasons for doing so") (citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399 (6th Cir. 2009)).

Here, Dr. Swedburg and Dr. Hall rendered their findings in June 2008, two years prior Dr. Burghard's RFC assessment and the administrative hearing. Upon evaluation of the complete record, including the opinion evidence, Plaintiff's treatment history and testimony at the administrative hearing, the ALJ determined that the opinions of Drs. Hall and Swedberg were consistent overall evidence of record and clearly articulated his rationale for doing so. In addition to citing the clinical and diagnostic record evidence, the ALJ states that Plaintiff engages in routine daily activities, such as operating a motor vehicle and performing "routine duties" involving the reduced range of light exertion that the ALJ found was her RFC. (Tr. 20). The ALJ also noted that Plaintiff's condition has been relatively stable with conservative treatment. (Tr. 24) Thus, as noted by the Commissioner, the ALJ resolved conflicts between sources, evaluated the complete case record and enunciated reasons that she chose to credit some medical opinions over others. *See Bender*, 2011 WL 3812665, at *2. As such, the undersigned finds that ALJ's decision comports with the requirements set forth in *Blakely*.

In light of the foregoing, the ALJ reasonably found that Dr. Swedburg and Dr. Hall's findings were consistent with the evidence in the record. As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Here, as outlined above, the

15

ALJ's evaluation of the opinion evidence is substantially supported and should not be disturbed.

### III.  Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED.**

                                            */s Stephanie K. Bowman*
                                            Stephanie K. Bowman
                                            United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DEBORAH K. JOHNSON,                                           Case No. 1:12-cv-401

       Plaintiff,                                                        Dlott, J.
                                                                         Bowman, M.J.
   v.

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).